UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**STEPHEN A. SCOTT,** )
)
    **Petitioner,** )
)
v. ) No. 3:09-0252
) Judge Campbell
**TONY PARKER, WARDEN,** )
)
    **Respondent.** )

## O R D E R

### I. BACKGROUND

The respondent filed a motion to dismiss this action on May 5, 2009. (Docket Entry No. 12) The petitioner filed his first motion for summary judgment on June 16, 2009. (Docket Entry No. 17) The Court subsequently granted the respondent's motion to dismiss the petitioner's ineffective assistance claims as procedurally defaulted, denied the respondent's motion to dismiss the petitioner's *Blakely* claim, directed the respondent to address the petitioner's *Blakely* claim on the merits, and held the petitioner's first motion for summary judgment in abeyance pending the response on the merits of his *Blakely* claim. (Docket Entry No. 24)

The response to the petitioner's *Blakely* claim on the merits was filed on August 17, 2009. (Docket Entry No. 31) The petitioner filed his second motion for summary judgement on September 2, 2009. (Docket Entry No. 32) Thereafter, the Court entered an Order in which it determined that the respondent's arguments regarding the petitioner's *Blakely* claim were without merit, instructed the respondent to show cause why a writ of *habeas corpus* should not be granted as to the petitioner's *Blakely* claim, and held the petitioner's second motion for summary judgment in abeyance pending the response to the Court's show-cause Order. (Docket Entry No. 36)

The response to the Court's show-cause Order was filed on October 16, 2009. (Docket Entry No. 39) The response to the Court's show-cause Order, and the petitioner's motions for summary

judgment, are before the Court.

## II. RESPONSE TO THE COURT'S SHOW-CAUSE ORDER

The respondent advances the following arguments in his response to the Court's Order to show cause why *habeas corpus* relief should not be granted as to the petitioner's *Blakely* claim: 1) the petitioner waived his *Blakely* claim by not raising it at the trial court level; 2) the Tennessee Court of Criminal Appeals' (Court of Criminal Appeals) determination that the petitioner's *Blakely* claim was waived was based on independent and adequate state grounds; and 3) the decision of the Court of Criminal Appeals in denying the petitioner's *Blakely* claim was neither contrary to, nor an unreasonable application of, clearly established federal law at the time the petitioner's case was decided on appeal. (Docket Entry No. 39)

The Court assumes for the sake of analyzing the respondent's first two arguments that the petitioner's *Blakely* claim was procedurally defaulted under state law, and that the Court of Criminal Appeals did not address the petitioner's *Blakely* claim on the merits, both of which respondent contends in his response. The respondent's overarching legal theory is that the Court does not have the authority to consider the petitioner's *Blakely* claim, because it is procedurally defaulted.

A claim that is procedurally defaulted under state law generally is defaulted for purposes of federal *habeas corpus* review. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977); *Seymour v. Walker*, 224 F.3d 542, 549-60 (6th Cir. 2000). A petitioner may, however, proceed in federal *habeas corpus* on a claim that is procedurally defaulted under state law, if he can establish "cause" for the failure to raise that claim in state court, and "prejudice" resulting from the default. *Wainwright*, 433 U.S. at 87, 90-91; *Seymour*, 224 F.3d at 550.

To show "cause," the petitioner must show that there is a substantial reason for the default

that is external to him. *Jamison v. Collins*, 291 F.3d 380, 386 (6th Cir. 2002). To show "prejudice," the default must not merely have created a possibility of prejudice, it must have "worked to his actual and substantial disadvantage." *See Jamison*, 291 F.3d at 388 (citing *United States v. Frady*, 456 U.S. 152, 170-171 (1982)).

The Court has established previously that *Blakely* was not decided until after the petitioner's case had gone forward on direct appeal. (Docket Entry No. 23, p. 5; No. 36, p. 3) That *Blakely* was not decided until the petitioner's case was pending on direct appeal establishes "cause" to excuse his failure to raise *Blakely* as grounds for relief in the trial court.

As to the question of "prejudice," the Court of Criminal Appeals' determination that the petitioner's *Blakely* claim was procedurally defaulted worked to the petitioner's substantial disadvantage. But for its waiver determination, the plain language of *Blakely* required the Court of Criminal Appeals to remand the petitioner's case for resentencing. The case was not remanded, therefore the petitioner was prejudiced.

Because the petitioner can show both "cause" and "prejudice," it does not matter if his *Blakely* claim is procedurally defaulted under State law – it is not procedurally defaulted for purposes of federal *habeas corpus* review. The respondent's first two arguments are without merit.

The respondent's third argument is that the Court of Criminal Appeals' determination of the petitioner's *Blakely* claim was "not contrary to or an unreasonable application of clearly established federal law at the time the decisions were rendered." (Docket Entry No. 39, pp. 5-6) The respondent's apparent argument is that, even if *Blakely* did announce a new rule of law, existing precedent trumped that new rule.

Under *Griffith v. Kentucky*, 479 U.S. 314 (1987), "a new rule for the conduct of criminal prosecutions is to be applied retroactively to *all cases* . . . pending on direct review or not yet final *with no exception for cases in which the new rule constitutes a 'clear break' with the past*." *Id*. at

3

p. 328 (emphasis added). *Griffith* is clear – because the petitioner's case was pending on direct appeal when *Blakely* was decided, *Blakely* controls. The respondent's final argument is without merit.

For the reasons explained herein, the respondent has failed to show cause why federal *habeas corpus* relief should not be granted as to the petitioner's *Blakely* claim. Accordingly, the petitioner's request for federal *habeas corpus* relief is GRANTED with respect to his *Blakely* claim. The State shall RE-SENTENCE the petitioner in accordance with *Blakely* within ninety (90) days of the date of service of this Order.

### III. PETITIONER'S MOTIONS FOR SUMMARY JUDGMENT

In his first motion for summary judgment (Docket Entry No. 17), the petitioner addressed the only two claims that he raised in this action: his *Blakely* claim, and his ineffective assistance claim. In his second motion for summary judgment (Docket Entry No. 32), the petitioner addressed only his *Blakely* claim.

The Court has granted the petitioner's request for *habeas corpus* relief on his *Blakely* claim, and previously granted the respondent's motion to dismiss the petitioner's ineffective assistance claim. The petitioner's motions for summary judgment (Docket Entry No. 17, 32) are DENIED as moot.

Entry of this Order shall constitute the judgment in this action.

It is so ORDERED.

*Todd Campbell* (signature)
Todd Campbell
United States District Judge