UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **STEPHEN A. SCOTT** ] | |
| Petitioner, ] | |
| ] | |
| v. ] | No. 3:09-0252 |
| ] | Judge Campbell |
| **TONY PARKER, WARDEN** ] | |
| Respondent. ] | |

## O R D E R

On November 9, 2009, an order (Docket Entry No. 40) was entered granting the petitioner habeas corpus relief for a *Blakely* claim. The State was instructed to resentence the petitioner "in accordance with *Blakely* within ninety (90) days of the date of service of this Order." Final judgment was then entered in this action. Docket Entry No. 41.

According to the petitioner, the State complied with this Court's instruction and resentenced him (1/28/10). It is claimed, however, that the State did not resentence him in accordance with the teachings of *Blakely*. The Tennessee Court of Criminal Appeals agreed with the petitioner and remanded the case with instructions to impose "the presumptive minimum sentences for each conviction."

The trial court once again imposed a sentence that allegedly violates *Blakely* (11/29/11). Presently pending is a Motion (Docket Entry No. 48) from the petitioner asking the Court, in essence, to reopen the instant case and allow him to prosecute claims that have arisen from his

resentencing.[1]

Before this Court can entertain claims arising from the petitioner's resentencing, he must first exhaust all available state court remedies for each claim. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985); 28 U.S.C. § 2254(b)(1)(A).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his resentencing claims to the state courts. Rose v. Lundy, 455 U.S. 509, 522 (1982).

The petitioner acknowledges that he has not yet fully exhausted any issues arising from his resentencing in the state courts. Nevertheless, he contends that to do so would be futile. Docket Entry No. 48 at pg. 2. Despite the strong public policy requiring a prisoner to exhaust his state court remedies, the failure to do so is not an absolute bar to federal habeas corpus relief. Granberry, *supra* at 481 U.S. 131. Exhaustion is based on the assumption that the state remedies available to a prisoner are adequate and effective to vindicate federal constitutional rights. When state remedies become ineffective or inadequate, the rationale behind exhaustion is undercut and federal courts will excuse a failure to exhaust. Turner v. Bagley, 401 F.3d 718, 724 (6th Cir. 2005); 28 U.S.C. § 2254(b)(1)(B)(ii).

Here, the petitioner's claim of futility is speculative at best. The claims he wishes to present arose from his resentencing on November 29, 2011. The state appellate courts have not been given a sufficient amount of time in which to consider those claims. Thus, the petitioner has failed to show

---

[1] This is the petitioner's second "Motion Requesting Permission to File an Application for Relief from Sentence per U.S.C. §2254 or in the Alternative §2241". *See* Docket Entry No.44.

that state court remedies are inadequate to safeguard his right to a constitutionally appropriate sentence. Accordingly, the Court finds no merit in the petitioner's Motion to reopen this case and said Motion is hereby DENIED.

It is so ORDERED.

_____
Todd Campbell
United States District Judge